NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J. Kevin McCARTHY, and Susan J. McCARTHY, <br><br>　　　Plaintiffs, <br><br>　　　v. <br><br>HAMILTON FARM GOLF CLUB, LLC; HAMILTON FARM SOCIAL CLUB, INC.; TED KOHLER; MICHAELEEN GRAHAM; XYZ CORPORATION 1-5; and JOHN DOES 1-5, <br><br>　　　Defendants. | Civil No. 11-1565 (AET) <br><br>**OPINION & ORDER** |

THOMPSON, U.S.D.J.

I. INTRODUCTION

This matter has come before the Court upon the Motion to Remand filed by Plaintiffs J. Kevin McCarthy and Susan J. McCarthy [docket # 6]. Defendant Hamilton Farm Golf Club, LLC opposes the motion [12]. The Court has decided the motion upon the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, the Plaintiffs' motion is granted.

II. BACKGROUND

This case arises out of Defendants Hamilton Farm Golf Club, LLC ("HFGC") and Hamilton Farm Social Club, Inc.'s ("HFSC") refusal to refund Plaintiffs' $275,000 membership deposit after the Plaintiffs' resignation from the Defendants' golf club. Plaintiffs joined the club pursuant to a written agreement that provided for the payment of a $275,000 membership deposit.

-1-

The parties' written agreement stated,

> A member who resigns from the Club prior to the Maturity Date, will be repaid the Membership Deposit paid by the member or the amount of the membership deposit then charged by the Club for a Family Golf Membership, whichever is less, without interest, within 30 days after the membership has been reissued by the Club to a new member in accordance with the reissuance provisions of the Membership Plan referred to below.

(Compl. ¶ 8) [6-1]. That is, members who resign get a refund of their membership deposit within 30 days of their spot being filled by a new member. Plaintiffs allege that Club representatives Ted Kohler and Michaeleen Graham induced them to join the Club by stating that "memberships in the Club were growing rapidly and filling up fast, thus reassuring Plaintiffs that there was a high likelihood that they would be able to obtain an immediate and full refund of their membership deposit in the event they resigned from the Club." (*Id.* at ¶ 10.) Plaintiffs paid the Defendants the $275,000 deposit as required, but subsequently resigned from the Club in 2006 due to a job transfer. (*Id.* at ¶ 11–12.) Plaintiffs were placed on a waiting list but, despite additional members joining the club, Defendants have refused to refund Plaintiffs' membership deposit. (*Id.* at ¶ 13–16.)

Plaintiffs filed a Complaint on February 10, 2011, in the Superior Court of New Jersey, Somerset County, against HFGC, HFSC, Kohler, Graham, and XYZ Corporations 1-5 and John Does 1-5, alleging causes of action for breach of contract, breach of the covenant of good faith and fair dealing, violation of the New Jersey Consumer Fraud Act, fraudulent misrepresentation, violation of New Jersey Blue Sky Law, equitable estoppel, unjust enrichment, and constructive trust. (*See* Baldinger, Esq., Certification Ex. A, Complaint and Demand for Jury) [6-1]. Defendant HFGC removed the action to this Court on March 21, 2011 [1]. HFGC's Petition for Removal stated that Defendant Graham, a citizen of New Jersey, had consented to removal, and that the remaining Defendants had not been served or were improperly joined. (Petition for

Removal ¶ 4–7 ) [1]. Plaintiffs filed the present Motion to Remand on April 8, 2011 [6].[1]

### III. ANALYSIS

**A. The "Forum-Defendant Rule" Under 28 U.S.C. § 1441(b)**

A case removed from state court must be remanded if, at any time before final judgment, the district court finds that it "lacks subject matter jurisdiction" to hear the case. 28 U.S.C. § 1447(c). The defendant, as the removing party asserting jurisdiction, bears the burden of showing that the case is properly in federal court. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

Where the district court's jurisdiction is predicated on the parties' diversity of citizenship, *see* 28 U.S.C. § 1332, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (stating that "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"). This requirement, known as the "forum-defendant rule," means that if an action brought in New Jersey state court is removed under § 1332, and one of the defendants is a New Jersey citizen, then that action is subject to remand. *Johnson v. Liberty Mut. Ins. Co.*, No. 10-1974, 2010 WL 2990011, at *1 (D.N.J. July 27, 2010); *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 642 (D.N.J. 2008).

---

[1] On April 11, 2011, Defendant HFGC filed a Motion to Dismiss [8], which was subsequently joined by Defendants HFSC and Graham [9]. We consider solely the motion to remand at this juncture.

### B. Fraudulent Joinder

A removing defendant may avoid remand based on the forum-defendant rule by "demonstrating that the non-diverse party was fraudulently joined." *Batoff,* 977 F.2d at 851. "Joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Briscoe*, 448 F.3d at 216 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). A claim is considered "colorable" as long as it is not "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 851. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)).

In evaluating whether joinder was fraudulent, a district court "must assume as true all factual allegations of the complaint" and resolve uncertainties as to "controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 851 (citation and quotations omitted). Because the party asserting jurisdiction in federal court bears the burden of proving jurisdiction exists, the removing party claiming fraudulent joinder bears a "heavy burden of persuasion." *Id.* (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010, 1012 n.6 (3d Cir. 1987)). The fraudulent joinder inquiry is less searching than that applied on a Rule 12(b)(6) motion to dismiss. *See id.* at 852. Accordingly, while a district court "can look to more than just the pleading allegations to identify indicia of fraudulent joinder[,]" the court "must not step 'from the "threshold jurisdictional issue into a decision on the merits.'" *Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112). Nonetheless, the Third Circuit has permitted district courts to engage in

a "limited consideration of reliable evidence that the defendant may proffer" in support of arguments that are not merits-based, such as statute of limitations defenses. *Id.* at 220.

### C. Application

Here, Defendants removed the action from state court based on diversity jurisdiction under 28 U.S.C. § 1332. It is undisputed that Defendant HFSC was a New Jersey nonprofit corporation during the relevant time period. *See* (Compl. ¶ 3); (Petition for Removal 1) [1]. It is also undisputed that Defendant Michaeleen Graham is a resident of New Jersey. *See* (Compl. ¶ 5); (Petition for Removal ¶ 4.) Because we find that both HFSC and Graham are citizens of New Jersey and that neither Defendant is fraudulently joined in this action, we must remand the action in light of 28 U.S.C. § 1441(b)'s forum-defendant rule.

#### 1. Joinder of HFSC

Defendants' removal petition asserts that HFSC's joinder was improper because it "was dissolved in July 2008, and therefore had no existence (or citizenship) well before the Complaint was filed." (Petition for Removal ¶ 26.) We find, however, that applicable law establishes that HFSC's dissolution did not destroy its citizenship or its ability to be sued.

For the purposes of diversity jurisdiction as well as removal, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332. If a corporation has dissolved or is otherwise conducting no business activities, that corporation "has no principal place of business, and is instead a citizen of its state of incorporation only." *Midatlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). The New Jersey Nonprofit Corporation Act states that, even after dissolution, a nonprofit corporation like HFSC "may sue and be sued in all courts and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name, and

process may issue by and against the corporation in the same manner as if dissolution had not occurred." N.J.S.A. 15A:12-15(b)(5).

HFSC was incorporated in New Jersey, so it is deemed a citizen of New Jersey. Although HFSC has dissolved and no longer has a principal place of business, it is still considered a citizen of New Jersey based on its incorporation in the state. Moreover, as a New Jersey nonprofit corporation, HFSC may be sued in the same manner as if dissolution had not occurred. Accordingly, absent improper or fraudulent joinder, remand would be appropriate based on HFSC's New Jersey citizenship.

Defendants further argue that "Hamilton Farm Social Club is merely a nominal party in this case, in that there are no substantive allegations in the Complaint directed at the Social Club as such." (Mem. in Opp'n to Mot. to Remand 10) [12]. We find that a careful reading of the Complaint reveals otherwise. Plaintiffs' Complaint alleges that HFSC is "a New Jersey Corporation engaged in the operation of certain facilities in conjunction with the aforesaid golf course. HFGC and HFSC are referred to collectively herein as the 'Club.'" (Compl. ¶ 3.) Based on this description, the allegations in the Complaint with respect to "the Club" must be construed as referring not only to HFGC but to HFSC as well. For example, where the Complaint states that "representatives of the Club, including but not limited to Ted Kohler and Michaeleen Graham, made statements to Plaintiffs . . . [,]" (*id.* at ¶ 10), that allegation is directed at both HFGC and HFSC. Whether the statements by Kohler and Graham were made on behalf of HFSC such that HFSC should be held liable would require an analysis of the merits that is better left to a motion to dismiss.

Defendants' removal petition also asserts that "the gravamen of Plaintiffs' lawsuit is recovery of their membership deposit, which is clearly governed under their Membership Agreement with HFGC – Hamilton Farm Social is not a party to that Membership Agreement and

lacks any contractual role in refunds of membership deposits." (Pet. for Removal ¶ 26.) However, this assertion inappropriately confines the Complaint to a breach of contract claim, ignoring the other potential grounds for liability such as the New Jersey Consumer Fraud Act ("CFA"), fraudulent misrepresentation, and New Jersey Blue Sky Law claims.[2] Of course, whether those other grounds are meritorious is a question we cannot reach on a motion to remand.

Finally, Defendants argue that there is "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" (Mem. in Opp'n 11 (quoting *Briscoe*, 448 F.3d at 216). Here, we recognize that Plaintiffs may ultimately be unable to collect anything from HFSC given its dissolution. Nonetheless, we are guided by the reasoning of other district courts that a plaintiff's intention to obtain a judgment against a defendant is distinct from that plaintiff's prospect of collecting damages from that defendant. *See, e.g.*, *Myers v. Air Serv. Corp.*, No. 07-0911, 2008 WL 149136, at *2 (E.D. Va. Jan. 9, 2008) ("A defendant's inability to pay a judgment, without more, does not render his joinder fraudulent. . . . [T]hus, the crucial question pertains to the likelihood of liability, not the likely success of collection efforts."); *Jocz v. Eichleay Engrs., Inc.*, No. 08-4063, 2008 WL 5157503, at *6 (E.D. Pa. Dec. 9, 2008) ("As with fraudulent joinder, 'nominal party' status is not determined by the feasability [sic] of collecting damages from a liquidated or dissolved corporation[.]"). As the Supreme Court stated long ago, "[T]he motive of the plaintiff, taken by itself, does not affect the right to remove. If there is joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert

---

[2] Defendants call the Court's attention to this Court's dismissal of the fraudulent misrepresentation claims in two consolidated cases similar to this one. (*See* Mem. in Opp'n 1 (citing *Bava v. Hamilton Farm Golf Club*, Civ. No. 08-5473, and *Matina v. Hamilton Farm Golf Club*, Civ. No. 08-5725).) Defendants argue that this Court may consider our previous decision as part of a "limited look beyond the pleadings" permitted by the Third Circuit. *See Briscoe*, 448 F.3d at 220. However, what Defendants miss is that *Briscoe*'s holding is confined to non-merits-based questions. *Id.* (stating that piercing the pleadings "does not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits. After all, a statute of limitations defense is not a merits-based defense to the plaintiff's case."). It would be inappropriate for this Court to rely on our previous order of dismissal, considering that order was a decision on the merits.

that right." *Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913). Aside from HFSC's dissolution, Defendants have not identified anything that would establish that Plaintiffs have no intention to prosecute the action against HFSC.

Thus, we cannot conclude that HFSC was fraudulently joined, and HFSC's joinder in this action runs afoul of 28 U.S.C. § 1441(b)'s forum-defendant rule.

### 2. Joinder of Graham

Plaintiffs' Complaint states that Defendant Graham is a resident of New Jersey. (Compl. ¶ 5.) Defendants have not raised any argument that Graham is not a citizen of New Jersey, so we will presume for the immediate purposes that Defendant Graham satisfies the requirements of citizenship in the state of New Jersey.[3] Absent improper or fraudulent joinder, remand would be appropriate based on Defendant Graham's New Jersey citizenship.

Defendants argue that Graham was fraudulently joined because there can be no colorable fraud claim based on Graham's alleged statements where those oral representations are directly contradicted by the parties' written contractual terms. (Mem. in Opp'n 7.) Specifically, the Membership Agreement signed by the Plaintiffs indicates their acknowledgement "that the Member is not relying on any oral representations in acquiring a membership in the Club." (*Id.* Ex. 3, Hamilton Farm Golf Club Membership Agreement for Local Family Golf Members, at 3.) Additionally, the Membership Plan agreed to by the Plaintiffs states, "There is no guarantee that a membership will ever be reissued or reissued within a specified time period, because reissuance is dependent upon another person desiring the membership and the Club's approval of the

---

[3]  We note here that, for the purposes of diversity jurisdiction, a party must allege citizenship rather than residence. *See Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit."); *Elcheikhali v. Radio Shack*, 2009 WL 1469018, at *3 (D.N.J. May 26, 2009) ("For purposes of determining diversity, state citizenship is equated with domicile. . . . Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile." (quoting *McCracken v. Murphy*, 328 F. Supp. 2d 530, 532 (E.D. Pa. 2004))). However, given that the Complaint was originally filed in state court and thus was not drafted with an eye toward alleging diversity of citizenship, we do not expect Plaintiff to have pled citizenship as opposed to residence.

prospective member." (*Id.* Ex. 4, Hamilton Farm Golf Club Membership Plan, at 7.) Accordingly, Defendants argue there can be no fraud claim given that Plaintiffs' expectation of a refund "is contradicted by the clear, written terms of their contract." (Mem. in Opp'n 10.) We disagree.

To prove fraudulent misrepresentation, a plaintiff must allege "a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by [the plaintiff] to [his or her] detriment." *Jewish Center of Sussex Cnty. v. Whale*, 432 A.2d 521, 524 (N.J. 1981). Defendants are correct that "the fraud exception for parol evidence is limited where an alleged oral understanding is expressly contradicted in a written agreement." *Travelodge Hotels, Inc. v. Honeysuckle Enters. Inc.*, 244 F. App'x 522, 526 (3d Cir. 2007) (citing *Filmlife, Inc. v. Mal "Z" Ena, Inc.*, 598 A.2d 1234, 1236 (N.J. Super. Ct. App. Div. 1991)). However, "representations in a written agreement do not create an absolute defense or bar the introduction of parol evidence when the claim is fraud in the inducement." *Id.* (citing *Ocean Cape Hotel Corp. v. Masefield Corp.*, 164 A.2d 607, 611 (N.J. Super. Ct. App. Div. 1960)).

Here, Plaintiffs' fraud claim alleges that Defendants made false representations "including but not limited to the aforesaid statements to the effect that memberships in the Club were growing rapidly and filling up fast" and that "Plaintiffs reasonably relied on [Defendants'] representations in deciding to join the Club and pay their membership deposit[.]" (Compl. ¶ 37–38.) Plaintiffs' allegation that they relied on Defendants' representations in deciding to join the Club—a decision which led them to execute the membership agreements—may be read as a claim of fraud in the inducement. Accordingly, we find that, despite the language in the written agreements cited by Defendants, the Plaintiffs' allegations of fraud would not be barred by the parol evidence rule.

This conclusion is further supported by the fact that another judge in this district has allowed evidence of oral misrepresentations despite a disclaimer of reliance similar to the one contained in the Membership Agreement here.  *See Travelodge Hotels, Inc. v. Honeysuckle Enters., Inc.*, 357 F. Supp. 2d 788, 796 (D.N.J. 2005) (Greenaway, J.) (holding that disclaimer stating, "Neither we nor any person acting on our behalf has made any oral or written representation or promise to you on which you are relying to enter into this Agreement that is not written in this Agreement[,]" was not sufficiently specific to avoid fraud exception to parol evidence rule).  We also note that the Membership Plan's proviso that refunds are contingent on new members joining the Club does not categorically preclude the Plaintiffs' reliance on Graham's alleged misrepresentation that Club memberships were "growing rapidly and filling up fast."  Determining whether Plaintiffs' reliance was *reasonable* in light of the Membership Plan would require us to delve into the merits, which we cannot do on a motion to remand.

Thus, we find that Plaintiffs have a colorable claim as to Defendant Graham, and therefore Graham was not fraudulently or improperly joined in this action.  Having already indicated that remand is appropriate due to HFSC's New Jersey citizenship, we note that Graham's New Jersey citizenship provides an additional basis for remand.

### D.  Effect on Pending Motion to Dismiss

Because two of the named Defendants are New Jersey citizens, and because we do not find these Defendants to have been fraudulently joined, we have decided to remand based on 28 U.S.C. § 1441(b)'s forum-defendant rule.  Accordingly, we must also dismiss as moot the pending motion to dismiss.  The Defendants are free to re-file their motion to dismiss in state court and re-assert their substantive challenges to Plaintiffs' claims. The Court takes no position on whether Plaintiffs' Complaint could withstand such a motion.

IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 9th day of May, 2011,

ORDERED that Plaintiffs' Motion to Remand [docket # 6] is GRANTED; and it is further

ORDERED that Defendants' Motion to Dismiss [docket # 8] is DENIED as moot; and it is further

ORDERED that this case is to be remanded to the Superior Court of New Jersey, Somerset County; and it is further

ORDERED that this case is CLOSED.

_/s/ Anne E. Thompson_
ANNE E. THOMPSON, U.S.D.J.